```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

KYLE SPRUELL                                         PLAINTIFF

    v.                    Civil No. 07-2058

FORD MOTOR COMPANY                                   DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Kyle Spruell was injured on March 15, 2002 when struck by a Maglite flashlight thrown through the raised side window of a Ford pick-up truck in which Spruell was a passenger. The tempered glass used to form the side window failed to prevent the flashlight from entering the vehicle. Spruell brought suit against Defendant Ford Motor Company, arguing primarily that the use of tempered glass in the side window represents a design defect creating product liability. Ford filed a motion for summary judgment (Doc. 9), arguing that Spruell's claims are preempted by Federal Motor Vehicle Safety Standard 205 ("FMVSS 205"), 49 C.F.R. § 571.205. Ford contends FMVSS 205 permits the use of tempered glass in side windows and thus preempts product liability and negligence claims based on such use. In response to Ford's motion, Spruell requested that the Court stay these proceedings pending the resolution of *O'Hara v. General Motors Corp.*, 508 F.3d 753 (5th Cir. 2007), in which the United States Court of Appeals for the Fifth Circuit would be the first federal appeals court to address the issue of whether FMVSS 205 preempts common law claims such as those

brought by Spruell.  Prior to the Court ruling on this matter, *O'Hara* was decided on November 20, 2007.  The Fifth Circuit determined that "[b]ecause the text and commentary on FMVSS205 show that it is best understood as a minimum safety standard, we hold that the O'Haras' common law negligence and strict liability claims are not preempted."  508 F.3d 753, 763 (5th Cir. 2007).  In accordance with that decision and as reflected below, the Court finds Plaintiff's claims are not preempted by FMVSS 205.  Accordingly, Ford's motion (Doc. 9) should be DENIED.

### I.   Background

On March 15, 2002, Joseph Wheeler threw a Maglite flashlight at Spruell while Spruell sat in the passenger seat of a 1999 Ford F150 pick-up truck.  The side window, which was raised at the time, shattered upon impact.  On May 17, 2007, Spruell brought suit against Ford based on common law theories of strict liability, breach of warranty and negligence, contending that Ford's use of tempered glass as material for the side window is unreasonably dangerous as it "does not minimize the possibility of an occupant being injured when objects are propelled through the window."  (Doc. 2 ¶ 9.)  Ford removed to this Court and filed a motion for summary judgment (Doc. 9), raising the issue of whether Spruell's claims are preempted by FMVSS 205.  FMVSS 205 regulates the use of glazing materials,

such as laminated glass or tempered glass, in the construction of motor vehicles.

## II.  Standard of review

A motion for summary judgment will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "material" fact is one "that might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine" issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party.  *Id.* at 248.  In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Anderson*, 477 U.S. at

256-57 (citing Fed. R. Civ. P. 56(e)). In order to withstand a motion for summary judgment, a plaintiff must substantiate its allegations with "sufficient probative evidence that would permit a finding in their favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992), *cert. denied,* 507 U.S. 913 (1993) (quotations and brackets omitted). A mere scintilla of evidence is insufficient to avoid summary judgment*. Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994).

### III. Discussion

FMVSS 205 was promulgated by the National Highway Traffic Safety Administration ("NHTSA") pursuant to authority created by the Federal Safety Act ("FSA"), 49 U.S.C. § 30101 *et seq*. FMVSS 205 "specifies performance requirements for the types of glazing that may be installed in motor vehicles." 49 C.F.R. § 571.205. FMVSS 205 approves the use of tempered glass in vehicles in all locations but windshields. *See O'Hara*, 508 F.3d at 756.

Ford contends that FMVSS 205 preempts Spruell's claims based on implied conflict preemption because the claims "stand[] as an obstacle to accomplishment and execution of the full purposes and objectives of Congress." (Doc. 10 p. 6.) (citing *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300 (1988)). The *O'Hara* Court was the first appellate court to rule on whether FMVSS 205 creates such implied preemption. *O'Hara*, 508

F.3d at 757. The *O'Hara* Court undertook an extensive analysis of the purposes and objectives of FMVSS 205 and determined that FMVSS 205 was intended to be a minimum safety standard. *Id*. at 763.

"When NHTSA regulations are only intended to create a 'minimum safety standard,' states are free to adopt common law rules which require a greater level of safety." *Id*. at 759 (citing *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861, 870 (2000)). Further, "compliance with a motor safety standard prescribed under the Act does not preempt common law suits." *O'Hara*, 508 F.3d at 756 (citing 49 U.S.C. § 30103(e)). Accordingly, the *O'Hara* Court determined the common law claims in that case were not preempted by FMVSS 205. In the case at bar, Spruell raises state claims similar to those at issue in *O'Hara*. The Court, in agreement with the *O'Hara* Court, concludes Spruell's claims are not preempted by FMVSS 205.

**IV. Conclusion**

Based on the foregoing, the Court determines Defendant's Motion for Summary Judgment (Doc. 9) should be and hereby is DENIED.

IT IS SO ORDERED this 1st day of April 2008.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge